UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY C. BRENEISER, | : CIVIL NO: 1:CV-00-0278 |
| Plaintiff, | : |
| | : (Judge Caldwell) |
| v. | : |
| | : (Magistrate Judge Smyser) |
| CHARLES J. ALIANO, | : |
| WILLIAM BRENNAN, | : |
| WILLIAM GREGORY, | : |
| CHUCK BAUER, and | : |
| CLEM NAYLOR, | : |
| Defendants | : |

FILED
HARRISBURG, PA

FEB 2 8 2000

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

**REPORT AND RECOMMENDATION**

The plaintiff, a prisoner proceeding *pro se*, commenced this 42 U.S.C. §1983 action by filing a complaint on February 15, 2000. The plaintiff also filed an application to proceed *in forma pauperis*.

28 U.S.C. § 1915A provides, in part:

> **(a) Screening.**- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.**- On review, the court shall identify cognizable claims or

> dismiss the complaint, or any portion of the complaint, if the complaint-
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

Additionally, 42 U.S.C. §1997e provides:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

The defendants named in the complaint are Charles J. Aliano, identified as the District Attorney of Susquehanna County and a member of the Susquehanna County Prison Board; William Brennan, Warden at the Susquehanna County Prison (Prison); William Gregory, Deputy Warden at the Prison; Chuck Bauer, a Corrections Officer at the Prison; and Clem Naylor, also a Corrections Officer at the Prison.

2

The plaintiff alleges that he left the prison through an open door.  An investigation into that incident led to the termination of one prison guard and the suspension of another guard.  The plaintiff alleges that when he was returned to the prison he was retaliated against because of the incident.  He alleges that he was locked down in a cell for 66 days without a hearing and that he is forced to wear shackles which are unnecessary and cause cuts, bleeding and bruises on his ankles.

The plaintiff alleges that defendant Aliano misused his power by threatening the plaintiff, a co-defendant, the plaintiff's wife, and a co-defendant's wife, that he tried to deprive the plaintiff of his due process and constitutional rights, that he misuses his power as a prison board member over the warden and deputy warden, that he is seeking multiple convictions on charges that have no merit, that he is encouraging others to issue false statements and that he tried to coax the plaintiff and a co-defendant to plead guilty to over 100 different criminal charges.

AO 72A

The plaintiff alleges that defendants Bauer and Naylor have taunted and threatened him on numerous occasions and that on one occasion they attacked him. The plaintiff alleges that the attack consisted of Bauer and Naylor tackling the plaintiff, holding him to the floor, punching him many times, shackling and handcuffing him and then spraying him with pepper spray.

The plaintiff is seeking the following relief: dismissal of all criminal charges and release from custody as soon as possible; the resignation of defendant Aliano and a public apology from Aliano; and 3.5 million dollars in compensatory damages.

"Liability may not be imposed under § 1983 on the principle of *respondeat superior*." *Hetzel v. Swartz*, 909 F.Supp. 261, 264 (M.D. Pa. 1995). Liability under 42 U.S.C. §1983 may only be based upon a defendant's personal involvement in conduct amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir.

4

1976). The complaint must contain averments of the involvement of the defendants in the conduct which caused a violation of the plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). A 42 U.S.C. §1983 action against state supervisory officials requires allegations that the defendants actually participated in or had actual knowledge of and acquiesced in the events forming the basis of the claims. *Egan v. Concini*, 585 F. Supp 801, 804 (M.D. Pa. 1984).

The plaintiff alleges in his complaint:

> William Brennan and William Gregory, the Warden and Deputy Warden at the Susquehanna County Correctional Facility, intentional disregard of may rights as a human being and as a prisoner. !See Attached!

The complaint does not contain any factual averments regarding defendants Brennan and Gregory. The plaintiff has not alleged personal involvement on the part of defendants Brennan and Gregory. Accordingly, it is recommended that the claims against defendants Brennan and Gregory be dismissed.

5

AO 72A

The plaintiff alleges the following with respect to defendant Aliano:

> Charles J. Aliano's misuse of his power/influence as a member of he prison board and his position as Susquehanna District Attorney. !See Attached!
> . . .
> Charles Aliano's misuse of his power as member of the prison board and D.A. are as follows: his malicious intent behind his numerous threats to me and my alleged co-defendants. His deliberate and calculated effort to deprive me of my due process and constitutional rights. His misuse of power as a prison board member over warden and deputy warden.
> . . .
> This whole situation is further aggravated by the fact that prison board member/D.A. Charles Aliano and a local magistrate judge were arrested for drugs, and these imbalanced officials are actively trying to seek multiple convictions on charges that have no merit and have gone to the extent of threatening my wife and a co-defendant's wife, along with encouraging others to write patently false statements, they even at one point sought assistance from the Public Defender to use trickery and coax myself and other co-defendants to waive all rights and plead guilty to over a hundred different criminal charges.

The plaintiff fails to state a claim against defendant Aliano. Moreover, to the extent that the plaintiff is seeking

6

release from custody the plaintiff may bring such a claim only in a habeas corpus action and only after exhausting state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

The plaintiff's allegation that defendants Bauer and Naylor threatened and taunted him fail to state a claim upon which relief can be granted. Mere words spoken to a prisoner by a correctional officer, even when those words are harsh, do not amount to a violation of the prisoner's civil rights by the officer. *Johnson v. Glick*, 481 F.2d 1028, 1033 n.7 (2d Cir.), *cert. denied*, 414 U.S. 1033 (1973); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)(verbal harassment by threatening to hang an inmate is not sufficient to state a constitutional deprivation under §1983).

The plaintiff does state an Eighth Amendment claim against defendants Bauer and Naylor for excessive use of force.

Based on the foregoing, it is recommended that the plaintiff's complaint be dismissed expect for the Eighth

7

Amendment excessive force claim against defendants Bauer and Naylor.

J. Andrew Smyser
Magistrate Judge

DATED: February 28, 2000.

AO 72A

```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
ANTHONY C. BRENEISER,              : CIVIL NO: 1:CV-00-0278
         Plaintiff,                :
                                   : (Judge Caldwell)
         v.                        :
                                   : (Magistrate Judge Smyser)
CHARLES J. ALIANO,                 :
WILLIAM BRENNAN,                   :
WILLIAM GREGORY,                   :            FILED
CHUCK BAUER, and                   :       HARRISBURG, PA
CLEM NAYLOR,                       :
         Defendants                :         FEB 2 8 2000

                                         MARY E. D'ANDREA, CLERK
                                         Per _____
                   NOTICE                       Deputy Clerk
```

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3 of the Rules of Court, M.D.Pa., which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. §636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition **within ten (10) days** after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

_____
J. Andrew Smyser
Magistrate Judge

Dated: February 28, 2000.

AO 72A

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

February 28, 2000

Re:  1:00-cv-00278    Breneiser v. Aliano

True and correct copies of the attached were mailed by the clerk to the following:

Anthony C. Breneiser
CTY-SUS
Susquehanna County Prison
7 Ellsworth Dr.
Montrose, PA  18801

```
cc:
Judge                          ( )
Magistrate Judge               ( )
U.S. Marshal                   ( )
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  ( )
Federal Public Defender        ( )
Summons Issued                 ( )  with N/C attached to complt. and served by:
                                    U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5            ( )
Order to Show Cause            ( )  with Petition attached & mailed certified mail
                                    to:  US Atty Gen   ( )   PA Atty Gen ( )
                                         DA of County  ( )   Respondents ( )
Bankruptcy Court               ( )
Other _____          ( )
```

MARY E. D'ANDREA, Clerk

DATE: 2/28/00                                  BY: _____
                                                    Deputy Clerk