ORIGINAL



IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

APR 10 2000

MARY E. D'ANDREA, CLE[RK]
Per _____
Deputy Clerk

ANTHONY C. BRENEISER, :
: 
Plaintiff :
:
v. :
: JUDGE WILLIAM W. CALDWELL
CHARLES J. ALIANO, WILLIAM :
BRENNAN, WILLIAM GREGORY, CHUCK : Mag J Smyser
BAUER and CLEM NAYLOR, :
:
Defendants : NO. 1:00-CV-0278

### ANSWER TO PLAINTIFF'S COMPLAINT ON BEHALF OF DEFENDANTS, WILLIAM BRENNAN, WILLIAM GREGORY, CHUCK BAUER AND CLEM NAYLOR

Defendants, William Brennan, William Gregory, Chuck Bauer and Clem Naylor, through their attorneys, Kreder, Brooks, Hailstone & Ludwig make the following answer to Plaintiff's complaint:

#### FIRST DEFENSE

1. Plaintiff's complaint does not set forth a cause of action upon which relief can be granted.

#### SECOND DEFENSE

2. The averments of Paragraphs 1, 2 and 3 in Plaintiff's Statement of Claim are denied.

3. With regard to the averments in the concluding pages of Plaintiff's complaint, those averments are denied. Plaintiff was locked down in his cell as a result of the fact that he had escaped and was a continued flight risk. He was initially given one hour

of exercise per day and that time was increased based upon his good behavior. However, his behavior remained violent and uncooperative.

4. With regard to the alleged assault by Defendants, Naylor and Bauer, Plaintiff had refused repeated requests to re-enter his cell and assaulted the Correctional Officers when they attempted to place him in the cell, including punching Defendant, Naylor and kicking Defendant, Bauer in the groin. He was placed in leg irons for that reason. He was placed in leg irons when he walked in the common areas of the prison as a result of the fact that he was a flight risk. The leg irons were removed when he was in his cell, when he was in the gymnasium, when he was in the exercise yard and when he was in the day room. The restraints were reasonable and necessary as a result of the proven risk of flight involved with Plaintiff.

### THIRD DEFENSE

5. Plaintiff's complaint is barred by immunity.

### FOURTH DEFENSE

6. Plaintiff's complaint is barred by privilege.

**FIFTH DEFENSE**

7. All restrictions placed upon Plaintiff were reasonable and necessary as a result of the fact that he presented a continued risk of repeated escape.

**SIXTH DEFENSE**

8. All physical force applied to Plaintiff was privileged and it was reasonable and necessary.

WHEREFORE, it is respectfully requested that Plaintiff's complaint be dismissed.

KREDER, BROOKS, HAILSTONE & LUDWIG

BY: *[signature]*
Michael J. Donohue, Esquire
Attorneys for Defendants
I.D. #25906

Suite 200
220 Penn Avenue
Scranton, PA  18503
(570) 346-7922

3

## CERTIFICATE OF SERVICE

AND NOW, this 5TH day of April, 2000, I, Michael J. Donohue, a member of the firm of Kreder, Brooks, Hailstone & Ludwig, hereby certify that I have this day served the within Answer, by depositing a copy thereof in the United States Mail, postage prepaid, at Scranton, Pennsylvania, addressed to the party or attorney of record as follows:

> Anthony C. Breneiser
> Susquehanna County Prison
> 7 Ellsworth Drive
> Montrose, PA  18801

KREDER, BROOKS, HAILSTONE & LUDWIG

BY: _____
Michael J. Donohue